**Iqbal SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74275.
Agency No. A77–821–903.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.[*]

Decided Jan. 14, 2005.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Norah Ascoli Schwarz, Esq., Luis E. Perez, Esq., Kathleen M. Zapata, U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Iqbal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision in part and gave reasons of its own, we review both decisions. *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that Singh was not eligible for asylum because he could relocate safely in India. Singh testified that prior to his departure, he relocated to Rohtaka, where he lived without incident for over a year. *See id.* at 999 (noting that an applicant's relocation prior to departure without incident is highly relevant in determining whether an applicant qualifies for asylum). Furthermore, the IJ properly considered the State Department country report and provided a sufficiently individualized analysis in finding that relocation was reasonable. *See id.* (finding a country report relevant to determining the reasonableness of internal relocation); *see also Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1074 (9th Cir.2004) (requiring individualized analysis of how changed country conditions affect petitioner's situation).

Because Singh failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). In addition, substantial evidence supports the agency's denial of relief under CAT. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.